1  J. P. PECHT (SBN 233708)
   jp.pecht@roll.com
2  MICHAEL M. VASSEGHI (SBN 210737)
   michael.vasseghi@roll.com
3  CHRISTA M. DEMEKE (SBN 226225)
   christa.demeke@roll.com
4  KRISTINA M. DIAZ (SBN 151566)
   kristina.diaz@roll.com
5  ROLL LAW GROUP PC
   11444 West Olympic Boulevard
6  Los Angeles, California 90064-1557
   Telephone:  (310) 966-8400
7  Facsimile:   (310) 966-8810

8  Attorneys for Plaintiffs
   POM WONDERFUL LLC and THE
9  WONDERFUL COMPANY LLC

10

11               **UNITED STATES DISTRICT COURT**

12         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

| | |
|---|---|
| 14  POM WONDERFUL LLC, a Delaware limited liability company, THE WONDERFUL COMPANY LLC, a Delaware limited liability company,<br><br>           Plaintiff,<br><br>     vs.<br><br>BAI BRANDS LLC, a Delaware limited liability company,<br><br>           Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200 ET. SEQ., AND CALIFORNIA COMMON LAW UNFAIR COMPETITION** |

{2618458.5}

COMPLAINT

Plaintiffs POM Wonderful LLC and The Wonderful Company LLC hereby allege as follows:

## PARTIES

1. Plaintiff POM Wonderful LLC is a Delaware limited liability company with its principal place of business located at 11444 West Olympic Boulevard in Los Angeles, California 90064. POM Wonderful LLC produces, markets, sells and distributes pomegranate and pomegranate based products worldwide in connection with its highly distinctive POM® brand products including, but not limited to, fresh fruit, fresh and freeze dried pomegranate arils (seeds), juices, teas, and dietary supplements.

2. POM Wonderful LLC's tea products ("POM® Teas") are produced, marketed, sold and distributed with the SUPER TEA trademark ("SUPER TEA™ Mark").

3. Plaintiff The Wonderful Company LLC is the owner of the infringed SUPER TEA™ Mark at issue in this case and the licensor of the mark to POM Wonderful LLC. POM Wonderful LLC and The Wonderful Company LLC are collectively referred to as "POM Wonderful".

4. POM Wonderful is informed and thereon believes that Defendant Bai Brands LLC ("Bai" or "Defendant") is a Delaware limited liability company with its principal place of business located at 1800 E. State Street, Suite 153, Hamilton, New Jersey 08609. Bai manufactures, advertises, sells, distributes, and markets juice blends, teas and water under the Bai Brand.

5. POM Wonderful is informed and believes, and based thereon alleges, that Defendant Bai was in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by POM Wonderful as alleged hereinafter.

6. As described further below, POM Wonderful is informed and believes, and based thereon alleges, that Defendant conducts business and distributes its products in California, within this Court's jurisdiction in Southern California and in

the greater Los Angeles area.

## JURISDICTION AND VENUE

7. This action arises under California common law, 15 U.S.C. § 1125(a), and California Business and Professions Code § 17200 *et seq.*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1331 (federal question).

8. POM Wonderful is informed and believes, and based thereon alleges, that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims occurred in this District. Additionally, POM Wonderful is informed and believes, and based thereon alleges, that the Court has personal jurisdiction over Defendant because Defendant conducts its ordinary business activities in this District, has focused a portion of its conduct in Los Angeles County within this District, has distributed, and sought to distribute, infringing products in this District, and generally engages in business in this District and the greater Los Angeles area.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

I. **THE SUPER TEA™ MARK**

9. Since 2009 POM Wonderful has used the SUPER TEA™ Mark on its line of POM® Teas in interstate commerce. Attached as Exhibit A are copies of images of the POM® Tea line.

10. Since 2009 POM Wonderful has devoted a great deal of time, money and resources to develop and market its POM® Teas in connection with its SUPER TEA™ Mark. Because of this, there is substantial goodwill associated with the SUPER TEA™ Mark.

11. The SUPER TEA™ Mark is used uniformly and consistently in every product, advertisement, and promotion in connection with POM® Teas. POM Wonderful, its distributors, and its distributors' customers, both nationally and internationally, have continuously and exclusively used the SUPER TEA™ Mark to

distinguish themselves as the source of goods and services in connection therewith.

12. The SUPER TEA™ Mark was custom designed to be distinctive, innovative and recognizable to consumers so that the SUPER TEA™ Mark would act as a source-identifier. Because of this, the SUPER TEA™ Mark is inherently distinctive. In the alternative, because of POM Wonderful's exclusive and extensive use, the SUPER TEA™ Mark has acquired secondary meaning and distinctiveness, becoming extremely well known to the consuming public as identifying and distinguishing POM Wonderful exclusively and uniquely as the source of POM® Teas to which the SUPER TEA™ Mark is applied.

13. The SUPER TEA™ Mark is widely recognized as a source-identifier for POM® Teas. POM Wonderful has built and owns an extremely valuable goodwill which is symbolized by, and associated with, its highly distinctive SUPER TEA™ Mark.

14. On May 4, 2016, POM Wonderful, to further protect its established common law rights, filed an application with the United States Patent and Trademark office for the SUPER TEA™ Mark (Application No. 87025121) in International Class 32 for, "Non-alcoholic beverages with tea flavor; fruit juice concentrate; fruit flavored beverages; non-alcoholic beverages containing fruit juices."

**II. MARKETING AND PROMOTION OF THE SUPER TEA™ MARK**

15. POM Wonderful pursues direct marketing efforts to grocery, club, gourmet food, other specialty stores as well as restaurants, and other on-premise locations throughout the world.

16. Over the past several years POM Wonderful has spent substantial resources marketing, advertising, promoting and selling POM® Tea using the SUPER TEA™ Mark.

17. POM Wonderful believes that its success with its POM® Teas is due to the quality, purity and taste of its products and to the highly distinctive, innovative

and recognizable SUPER TEA™ Mark.

18. The POM® brand generally, and POM Wonderful's SUPER TEA™ Mark specifically, denotes high-quality pomegranate-based products and is a source-identifier of those products.

### III. BAI'S INFRINGING PRODUCTS

19. Bai had actual notice of POM Wonderful's rights when it received POM Wonderful's cease and desist letter to Bai advising it of POM Wonderful's rights on May 16, 2016.

20. Notwithstanding POM Wonderful's rights in the SUPER TEA™ Mark, and with actual notice of POM Wonderful's rights, Defendant is manufacturing, advertising, distributing, and selling products that infringe POM Wonderful's SUPER TEA™ Mark.

21. POM Wonderful is informed and believes that since December 2015, Defendant has manufactured and sold, and continues to sell, a variety of flavored tea products under the name of "BAI ANTIOXIDANT SUPERTEA." The BAI ANTIOXIDANT SUPERTEA products include "Narino Peach Tea," "Paraguay Passionfruit Tea," "Rio Raspberry Tea," and "Tanzani Lemonade Tea." Attached as Exhibit B are copies of images of the BAI ANTIOXIDANT SUPERTEA line.

22. Defendant's BAI ANTIOXIDANT SUPERTEA products infringe POM Wonderful's SUPER TEA™ Mark by causing a likelihood of confusion with the SUPER TEA™ Mark.

23. By copying and using the SUPER TEA™ Mark, Defendant is intentionally trading on the substantial goodwill created by POM Wonderful. Defendant's use of "SUPER TEA" with the infringing BAI ANTIOXIDANT SUPERTEA products creates a likelihood of confusion, mistake, and deception as to Defendant's affiliation, connection, and/or association with POM Wonderful among consumers and the trade.

24. POM Wonderful has never authorized or consented to any such use by

Defendant of the SUPER TEA™ Mark.

25.  Defendant's unauthorized actions and use of the SUPER TEA™ Mark constitute trademark infringement, false designation of origin and unfair competition under the laws of the State of California.

## IV. BAI'S ACTIONS ARE INTENTIONAL AND WILLFUL

26.  POM Wonderful is informed and believes, and based thereon alleges, that Defendant intentionally designed its BAI ANTIOXIDANT SUPERTEA products so as to incorporate the inherently distinctive SUPER TEA™ Mark.

27.  POM Wonderful is also informed and believes, and based thereon alleges, that Defendant uses the inherently distinctive POM Wonderful SUPER TEA™ Mark in commerce to intentionally cause a likelihood of confusion between Defendant's infringing product and POM Wonderful's POM® Teas, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with POM Wonderful.

28.  POM Wonderful is further informed and believes, and based thereon alleges, that by intentionally misappropriating the SUPER TEA™ Mark, Defendant is causing customer confusion in the marketplace.

29.  POM Wonderful is informed and believes, and based thereon alleges, that Defendant has willfully and knowingly infringed the inherently distinctive SUPER TEA™ Mark with knowledge of POM Wonderful's rights and in an intentional attempt to target consumers who are familiar with the POM® Teas, and related SUPER TEA™ Mark, by creating the impression of an association between Defendant and POM Wonderful or an endorsement by POM Wonderful of Defendant's goods.

30.  The natural, probable and foreseeable result of the intentional, willful and wrongful conduct of Defendant has been to deprive POM Wonderful of business and goodwill, and to injure POM Wonderful's goodwill, reputation and relationships with existing and prospective customers by infringing the SUPER

1 TEA™ Mark, causing customers to associate the POM® Teas and the POM® brand
2 with the BAI ANTIOXIDANT SUPERTEA products.

3     31.    Defendant's conduct is the result of willful and wanton disregard of
4 POM Wonderful's established and superior rights. Defendant adopted and used, and
5 continues to use, the SUPER TEA™ Mark without authorization and with full
6 knowledge of POM Wonderful's superior rights and despite having been put on
7 notice of its infringing conduct. POM Wonderful has suffered, and will continue to
8 suffer, irreparable injury as a result of Defendant's unlawful actions and has no
9 adequate remedy at law. POM Wonderful is therefore entitled to injunctive relief.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Pursuant to California Common Law)**

12     32.    POM Wonderful incorporates by reference Paragraphs 1 through 31
13 above as though fully set forth herein.

14     33.    POM Wonderful has continuously used its SUPER TEA™ Mark in
15 interstate commerce since 2009.

16     34.    The SUPER TEA™ Mark has acquired secondary meaning within the
17 trade and consuming public and/or has become distinctive in the minds of
18 purchasers in that the SUPER TEA™ Mark is associated with POM® Teas and the
19 POM® brand.

20     35.    Defendant began using "SUPERTEA" on its BAI ANTIOXIDANT
21 SUPERTEA products, based on information and belief, in or around December
22 2015, many years after POM Wonderful first used its SUPER TEA™ Mark in
23 commerce.

24     36.    Defendant, without the consent of POM Wonderful, used the SUPER
25 TEA™ Mark, in association with Defendant's own goods in a manner that creates a
26 likelihood of confusion, mistake and/or deception with the trade and consuming
27 public.

28     37.    By reason of Defendants' actions alleged herein, POM Wonderful has

suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its SUPER TEA™ Mark unless and until Defendant is enjoined from continuing its wrongful acts.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))**

38. POM Wonderful incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein.

39. Defendant's infringing BAI ANTIOXIDANT SUPERTEA products infringe POM Wonderful's SUPER TEA™ Mark, and Defendant is falsely designating the origin of its brand because the use of the SUPER TEA™ Mark as part of its product's name is likely to cause confusion, mistake, and deception with respect to POM Wonderful's SUPER TEA™ Mark.

40. Defendant's use of "SUPER TEA" as part of its product name has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with POM Wonderful.

41. These acts constitute trademark infringement of the SUPER TEA™ Mark and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling POM Wonderful to relief.

42. By reason of Defendant's acts, POM Wonderful is, and will continue to be, irreparably harmed if Defendant's conduct is not enjoined. POM Wonderful's remedy at law is not adequate to compensate it for the injuries inflicted, and POM Wonderful is therefore entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

43. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition and Unfair Business Practices Pursuant to Cal. Bus. & Prof. Code §§ 17200, 17500 *et seq.*)**

44. POM Wonderful incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein.

45. Defendant's unlawful and unfair conduct includes the willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods; causing confusion as to the source of the goods; causing harm to POM Wonderful's goodwill as a result of untrue and misleading statements; and appropriating POM Wonderful's exclusive rights in its SUPER TEA™ Mark.

46. By selling and offering for sale infringing goods and services, Defendant is in violation of POM Wonderful's proprietary rights, including a violation of 15 U.S.C. 1125(a) and POM Wonderful's common law trademark rights in the SUPER TEA™ Mark. Defendant's conduct thereby constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code Sections 17200, 17500 *et seq*. The predicate acts comprising Defendant's unlawful, unfair, deceptive and/or fraudulent trade practices or acts include the violations of law more fully set forth herein.

47. As a direct and proximate result of Defendant's wrongful conduct, POM Wonderful has suffered injury in fact, which losses include damage to POM Wonderful's goodwill with its existing, former and potential customers and actual confusion between Defendant's infringing products and POM® Teas and POM® brand.

48. These wrongful acts have proximately caused, and will continue to cause, POM Wonderful substantial injury, including loss of goodwill, and confusion of existing and potential customers of POM Wonderful's products. The harm these wrongful acts will cause to POM Wonderful is both imminent and

irreparable, and the amount of damage sustained by POM Wonderful will be impossible to ascertain if these acts continue. As such, POM Wonderful has no adequate remedy at law.

49. Pursuant to California Business & Professions Code Section 17203, POM Wonderful is also entitled to a preliminary and permanent injunction restraining Defendant, its respective officers, agents, employees, distributors and all persons acting in concert with it, from engaging in further such unlawful conduct.

## FOURTH CLAIM FOR RELIEF

### (Violation of California Common Law Unfair Competition)

50. POM Wonderful incorporates Paragraphs 1 through 49 above as though set forth fully herein.

51. As set forth above, Defendant's willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to POM Wonderful's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of POM Wonderful's exclusive rights in its SUPER TEA™ Mark and constitutes unfair competition under California common law.

52. Defendant has unlawfully appropriated POM Wonderful's exclusive rights in its SUPER TEA™ Mark, infringing on POM Wonderful's rights.

53. By reason of Defendant's conduct, POM Wonderful has sustained, and will continue to sustain substantial injury as set forth above.

54. Further irreparable harm and injury to POM Wonderful is imminent as a result of Defendant's conduct, and POM Wonderful is without an adequate remedy at law.

55. POM Wonderful is therefore entitled to an injunction restraining Defendant, its agents, employees, representatives, distributors and all persons acting in concert with them, from engaging in further acts of unfair competition.

## PRAYER FOR RELIEF

56. WHEREFORE, POM Wonderful prays for judgment against Defendant as follows:

1. That the Court enter judgment against Defendant that:

   a. Defendant infringed the rights of POM Wonderful in its SUPER TEA™ Mark in violation of California common law.

   b. Defendant infringed POM Wonderful's rights in the SUPER Marks in violation of 15 U.S.C. Section 1125;

   c. Defendant engaged in unfair competition and deceptive acts and practices in violation of California Business & Professions Code Sections 17200, 17500, *et seq.*;

   d. Defendant engaged in unfair competition and deceptive acts and practices in violation of California common law;

   e. That the Court enter judgment against Defendant that the above acts, 1(a) through (e), were willful and intentional, making this an exceptional case;

2. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendant and its agents, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendant from:

   a. Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale any goods or services in connection with the infringing product identified herein or any product or mark similar to POM Wonderful's SUPER TEA™ Mark in any media, whether in person, in print or by electronic or digital means including but not limited to newspapers, magazines, bus shelters, billboards as well as via the Internet, including but not limited to, company websites, promotional websites, social media websites, YouTube or other video-related websites, food reviewing websites, blogs, email, SMS and the like; and

        b.     Requiring Defendant to deliver up to POM Wonderful for destruction any and all packaging, advertising and promotional materials in Defendant's possession, custody or control which contain the infringing products, marks, and/or designs, and any and all infringing products in their possession, custody or control which include the SUPER TEA™ Mark.

     3.     That the Court issue an Order at the conclusion of the present matter that all infringing products be recalled, seized, impounded and destroyed.

     4.     That the Court award POM Wonderful its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable provision of law.

     5.     That the Court award POM Wonderful its costs of suit incurred herein.

     6.     For such other or further relief as the Court may deem just and proper.

DATED:  January 27, 2017        ROLL LAW GROUP PC

                                                   By:     /s/ Michael M. Vasseghi
                                                          Michael M. Vasseghi
                                                          Attorneys for Plaintiffs POM WONDERFUL LLC and THE WONDERFUL COMPANY LLC