J. P. PECHT (SBN 233708)
jp.pecht@roll.com
MICHAEL M. VASSEGHI (SBN 210737)
michael.vasseghi@roll.com
CHRISTA M. DEMEKE (SBN 226225)
christa.demeke@roll.com
KRISTINA M. DIAZ (SBN 151566)
kristina.diaz@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone:   (310) 966-8400
Facsimile:    (310) 966-8810

Attorneys for Plaintiffs
POM WONDERFUL LLC and THE
WONDERFUL COMPANY LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, THE WONDERFUL COMPANY LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BAI BRANDS LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200 ET. SEQ., AND CALIFORNIA COMMON LAW UNFAIR COMPETITION** |

{2618458.5}

Plaintiffs POM Wonderful LLC and The Wonderful Company LLC hereby allege as follows:

## PARTIES

1.      Plaintiff POM Wonderful LLC is a Delaware limited liability company with its principal place of business located at 11444 West Olympic Boulevard in Los Angeles, California 90064.  POM Wonderful LLC produces, markets, sells and distributes pomegranate and pomegranate based products worldwide in connection with its highly distinctive POM® brand products including, but not limited to, fresh fruit, fresh and freeze dried pomegranate arils (seeds), juices, teas, and dietary supplements.

2.      POM Wonderful LLC's tea products ("POM® Teas") are produced, marketed, sold and distributed with the SUPER TEA trademark ("SUPER TEA™ Mark").

3.      Plaintiff The Wonderful Company LLC is the owner of the infringed SUPER TEA™ Mark at issue in this case and the licensor of the mark to POM Wonderful LLC.  POM Wonderful LLC and The Wonderful Company LLC are collectively referred to as "POM Wonderful".

4.      POM Wonderful is informed and thereon believes that Defendant Bai Brands LLC ("Bai" or "Defendant") is a Delaware limited liability company with its principal place of business located at 1800 E. State Street, Suite 153, Hamilton, New Jersey 08609.  Bai manufactures, advertises, sells, distributes, and markets juice blends, teas and water under the Bai Brand.

5.      POM Wonderful is informed and believes, and based thereon alleges, that Defendant Bai was in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by POM Wonderful as alleged hereinafter.

6.      As described further below, POM Wonderful is informed and believes, and based thereon alleges, that Defendant conducts business and distributes its products in California, within this Court's jurisdiction in Southern California and in

1  the greater Los Angeles area.

2  ## JURISDICTION AND VENUE

3  7.     This action arises under California common law, 15 U.S.C. § 1125(a),

4  and California Business and Professions Code § 17200 *et seq.*. This Court has

5  subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity)

6  and 28 U.S.C. § 1331 (federal question).

7  8.     POM Wonderful is informed and believes, and based thereon alleges,

8  that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c)

9  because a substantial part of the events giving rise to the claims occurred in this

10  District.  Additionally, POM Wonderful is informed and believes, and based thereon

11  alleges, that the Court has personal jurisdiction over Defendant because Defendant

12  conducts its ordinary business activities in this District, has focused a portion of its

13  conduct in Los Angeles County within this District, has distributed, and sought to

14  distribute, infringing products in this District, and generally engages in business in

15  this District and the greater Los Angeles area.

16  ## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

17  **I.     THE SUPER TEA™ MARK**

18  9.     Since 2009 POM Wonderful has used the SUPER TEA™ Mark on its

19  line of POM® Teas in interstate commerce.  Attached as Exhibit A are copies of

20  images of the POM® Tea line.

21  10.     Since 2009 POM Wonderful has devoted a great deal of time, money

22  and resources to develop and market its POM® Teas in connection with its SUPER

23  TEA™ Mark.  Because of this, there is substantial goodwill associated with the

24  SUPER TEA™ Mark.

25  11.     The SUPER TEA™ Mark is used uniformly and consistently in every

26  product, advertisement, and promotion in connection with POM® Teas.  POM

27  Wonderful, its distributors, and its distributors' customers, both nationally and

28  internationally, have continuously and exclusively used the SUPER TEA™ Mark to

distinguish themselves as the source of goods and services in connection therewith.

12. The SUPER TEA™ Mark was custom designed to be distinctive, innovative and recognizable to consumers so that the SUPER TEA™ Mark would act as a source-identifier. Because of this, the SUPER TEA™ Mark is inherently distinctive. In the alternative, because of POM Wonderful's exclusive and extensive use, the SUPER TEA™ Mark has acquired secondary meaning and distinctiveness, becoming extremely well known to the consuming public as identifying and distinguishing POM Wonderful exclusively and uniquely as the source of POM® Teas to which the SUPER TEA™ Mark is applied.

13. The SUPER TEA™ Mark is widely recognized as a source-identifier for POM® Teas. POM Wonderful has built and owns an extremely valuable goodwill which is symbolized by, and associated with, its highly distinctive SUPER TEA™ Mark.

14. On May 4, 2016, POM Wonderful, to further protect its established common law rights, filed an application with the United States Patent and Trademark office for the SUPER TEA™ Mark (Application No. 87025121) in International Class 32 for, "Non-alcoholic beverages with tea flavor; fruit juice concentrate; fruit flavored beverages; non-alcoholic beverages containing fruit juices."

## II.   MARKETING AND PROMOTION OF THE SUPER TEA™ MARK

15. POM Wonderful pursues direct marketing efforts to grocery, club, gourmet food, other specialty stores as well as restaurants, and other on-premise locations throughout the world.

16. Over the past several years POM Wonderful has spent substantial resources marketing, advertising, promoting and selling POM® Tea using the SUPER TEA™ Mark.

17. POM Wonderful believes that its success with its POM® Teas is due to the quality, purity and taste of its products and to the highly distinctive, innovative

1    and recognizable SUPER TEA™ Mark.

2         18.    The POM® brand generally, and POM Wonderful's SUPER TEA™

3    Mark specifically, denotes high-quality pomegranate-based products and is a source-

4    identifier of those products.

5    **III.    BAI'S INFRINGING PRODUCTS**

6         19.    Bai had actual notice of POM Wonderful's rights when it received

7    POM Wonderful's cease and desist letter to Bai advising it of POM Wonderful's

8    rights on May 16, 2016.

9         20.    Notwithstanding POM Wonderful's rights in the SUPER TEA™ Mark,

10   and with actual notice of POM Wonderful's rights, Defendant is manufacturing,

11   advertising, distributing, and selling products that infringe POM Wonderful's

12   SUPER TEA™ Mark.

13        21.    POM Wonderful is informed and believes that since December 2015,

14   Defendant has manufactured and sold, and continues to sell, a variety of flavored tea

15   products under the name of "BAI ANTIOXIDANT SUPERTEA."  The BAI

16   ANTIOXIDANT SUPERTEA products include "Narino Peach Tea," "Paraguay

17   Passionfruit Tea," "Rio Raspberry Tea," and "Tanzani Lemonade Tea." Attached as

18   Exhibit B are copies of images of the BAI ANTIOXIDANT SUPERTEA line.

19        22.    Defendant's BAI ANTIOXIDANT SUPERTEA products infringe

20   POM Wonderful's SUPER TEA™ Mark by causing a likelihood of confusion with

21   the SUPER TEA™ Mark.

22        23.    By copying and using the SUPER TEA™ Mark, Defendant is

23   intentionally trading on the substantial goodwill created by POM Wonderful.

24   Defendant's use of "SUPER TEA" with the infringing BAI ANTIOXIDANT

25   SUPERTEA products creates a likelihood of confusion, mistake, and deception as to

26   Defendant's affiliation, connection, and/or association with POM Wonderful among

27   consumers and the trade.

28        24.    POM Wonderful has never authorized or consented to any such use by

1   Defendant of the SUPER TEA™ Mark.

2   25.    Defendant's unauthorized actions and use of the SUPER TEA™ Mark

3   constitute trademark infringement, false designation of origin and unfair competition

4   under the laws of the State of California.

5   **IV.    BAI'S ACTIONS ARE INTENTIONAL AND WILLFUL**

6   26.    POM Wonderful is informed and believes, and based thereon alleges,

7   that Defendant intentionally designed its BAI ANTIOXIDANT SUPERTEA

8   products so as to incorporate the inherently distinctive SUPER TEA™ Mark.

9   27.    POM Wonderful is also informed and believes, and based thereon

10  alleges, that Defendant uses the inherently distinctive POM Wonderful SUPER

11  TEA™ Mark in commerce to intentionally cause a likelihood of confusion between

12  Defendant's infringing product and POM Wonderful's POM® Teas, or to cause

13  mistake, or to deceive the relevant public that Defendant's goods or services are

14  authorized, sponsored or approved by or are affiliated with POM Wonderful.

15  28.    POM Wonderful is further informed and believes, and based thereon

16  alleges, that by intentionally misappropriating the SUPER TEA™ Mark, Defendant

17  is causing customer confusion in the marketplace.

18  29.    POM Wonderful is informed and believes, and based thereon alleges,

19  that Defendant has willfully and knowingly infringed the inherently distinctive

20  SUPER TEA™ Mark with knowledge of POM Wonderful's rights and in an

21  intentional attempt to target consumers who are familiar with the POM® Teas, and

22  related SUPER TEA™ Mark, by creating the impression of an association between

23  Defendant and POM Wonderful or an endorsement by POM Wonderful of

24  Defendant's goods.

25  30.    The natural, probable and foreseeable result of the intentional, willful

26  and wrongful conduct of Defendant has been to deprive POM Wonderful of

27  business and goodwill, and to injure POM Wonderful's goodwill, reputation and

28  relationships with existing and prospective customers by infringing the SUPER

1  TEA™ Mark, causing customers to associate the POM® Teas and the POM® brand

2  with the BAI ANTIOXIDANT SUPERTEA products.

3       31.    Defendant's conduct is the result of willful and wanton disregard of

4  POM Wonderful's established and superior rights.  Defendant adopted and used, and

5  continues to use, the SUPER TEA™ Mark without authorization and with full

6  knowledge of POM Wonderful's superior rights and despite having been put on

7  notice of its infringing conduct.  POM Wonderful has suffered, and will continue to

8  suffer, irreparable injury as a result of Defendant's unlawful actions and has no

9  adequate remedy at law.  POM Wonderful is therefore entitled to injunctive relief.

10  **<u>FIRST CLAIM FOR RELIEF</u>**

11  **(Trademark Infringement Pursuant to California Common Law)**

12       32.    POM Wonderful incorporates by reference Paragraphs 1 through 31

13  above as though fully set forth herein.

14       33.    POM Wonderful has continuously used its SUPER TEA™ Mark in

15  interstate commerce since 2009.

16       34.    The SUPER TEA™ Mark has acquired secondary meaning within the

17  trade and consuming public and/or has become distinctive in the minds of

18  purchasers in that the SUPER TEA™ Mark is associated with POM® Teas and the

19  POM® brand.

20       35.    Defendant began using "SUPERTEA" on its BAI ANTIOXIDANT

21  SUPERTEA products, based on information and belief, in or around December

22  2015, many years after POM Wonderful first used its SUPER TEA™ Mark in

23  commerce.

24       36.    Defendant, without the consent of POM Wonderful, used the SUPER

25  TEA™ Mark, in association with Defendant's own goods in a manner that creates a

26  likelihood of confusion, mistake and/or deception with the trade and consuming

27  public.

28       37.    By reason of Defendants' actions alleged herein, POM Wonderful has

1   suffered, and will continue to suffer, irreparable injury to its rights and suffer

2   substantial loss of goodwill and in the value of its SUPER TEA™ Mark unless and

3   until Defendant is enjoined from continuing its wrongful acts.

4                    **SECOND CLAIM FOR RELIEF**

5        **(Trademark Infringement and False Designation of Origin Pursuant
         to 15 U.S.C. § 1125(a))**

6

7        38.    POM Wonderful incorporates by reference Paragraphs 1 through 37

8   above as though fully set forth herein.

9        39.    Defendant's infringing BAI ANTIOXIDANT SUPERTEA products

10  infringe POM Wonderful's SUPER TEA™ Mark, and Defendant is falsely

11  designating the origin of its brand because the use of the SUPER TEA™ Mark as

12  part of its product's name is likely to cause confusion, mistake, and deception with

13  respect to POM Wonderful's SUPER TEA™ Mark.

14       40.    Defendant's use of "SUPER TEA" as part of its product name has

15  confused and is likely to continue to cause confusion or to cause mistake, or to

16  deceive the consuming public into believing that Defendant's goods or services are

17  authorized, sponsored or approved by or are affiliated with POM Wonderful.

18       41.    These acts constitute trademark infringement of the SUPER TEA™

19  Mark and false designation of origin in violation of 15 U.S.C. Section 1125(a),

20  entitling POM Wonderful to relief.

21       42.    By reason of Defendant's acts, POM Wonderful is, and will continue to

22  be, irreparably harmed if Defendant's conduct is not enjoined.  POM Wonderful's

23  remedy at law is not adequate to compensate it for the injuries inflicted, and POM

24  Wonderful is therefore entitled to injunctive relief pursuant to 15 U.S.C. Section

25  1116.

26       43.    The above-described acts of Defendant have irreparably harmed and, if

27  not enjoined, will continue to irreparably harm the general public, which has an

28  interest in being free from confusion, mistake and deception.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition and Unfair Business Practices Pursuant
to Cal. Bus. & Prof. Code §§ 17200, 17500 *et seq*.)**

44.     POM Wonderful incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein.

45.     Defendant's unlawful and unfair conduct includes the willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods; causing confusion as to the source of the goods; causing harm to POM Wonderful's goodwill as a result of untrue and misleading statements; and appropriating POM Wonderful's exclusive rights in its SUPER TEA™ Mark.

46.     By selling and offering for sale infringing goods and services, Defendant is in violation of POM Wonderful's proprietary rights, including a violation of 15 U.S.C. 1125(a) and POM Wonderful's common law trademark rights in the SUPER TEA™ Mark.  Defendant's conduct thereby constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code Sections 17200, 17500 *et seq*. The predicate acts comprising Defendant's unlawful, unfair, deceptive and/or fraudulent trade practices or acts include the violations of law more fully set forth herein.

47.     As a direct and proximate result of Defendant's wrongful conduct, POM Wonderful has suffered injury in fact, which losses include damage to POM Wonderful's goodwill with its existing, former and potential customers and actual confusion between Defendant's infringing products and POM® Teas and POM® brand.

48.     These wrongful acts have proximately caused, and will continue to cause, POM Wonderful substantial injury, including loss of goodwill, and confusion of existing and potential customers of POM Wonderful's products.  The harm these wrongful acts will cause to POM Wonderful is both imminent and

1  irreparable, and the amount of damage sustained by POM Wonderful will be
2  impossible to ascertain if these acts continue. As such, POM Wonderful has no
3  adequate remedy at law.

4  49.  Pursuant to California Business & Professions Code Section 17203,
5  POM Wonderful is also entitled to a preliminary and permanent injunction
6  restraining Defendant, its respective officers, agents, employees, distributors and all
7  persons acting in concert with it, from engaging in further such unlawful conduct.

8  <u>**FOURTH CLAIM FOR RELIEF**</u>

9  **(Violation of California Common Law Unfair Competition)**

10  50.  POM Wonderful incorporates Paragraphs 1 through 49 above as though
11  set forth fully herein.

12  51.  As set forth above, Defendant's willful, knowing and unauthorized
13  promotion, advertisement, sale and offering for sale of infringing goods, causing
14  confusion as to the source of the goods and causing harm to POM Wonderful's
15  goodwill, consist of untrue and misleading statements and constitute an unlawful
16  appropriation of POM Wonderful's exclusive rights in its SUPER TEA™ Mark and
17  constitutes unfair competition under California common law.

18  52.  Defendant has unlawfully appropriated POM Wonderful's exclusive
19  rights in its SUPER TEA™ Mark, infringing on POM Wonderful's rights.

20  53.  By reason of Defendant's conduct, POM Wonderful has sustained, and
21  will continue to sustain substantial injury as set forth above.

22  54.  Further irreparable harm and injury to POM Wonderful is imminent as
23  a result of Defendant's conduct, and POM Wonderful is without an adequate
24  remedy at law.

25  55.  POM Wonderful is therefore entitled to an injunction restraining
26  Defendant, its agents, employees, representatives, distributors and all persons acting
27  in concert with them, from engaging in further acts of unfair competition.

28

{2618458.5}

10

## **PRAYER FOR RELIEF**

56.   WHEREFORE, POM Wonderful prays for judgment against Defendant as follows:

1.   That the Court enter judgment against Defendant that:

a.   Defendant infringed the rights of POM Wonderful in its SUPER TEA™ Mark in violation of California common law.

b.   Defendant infringed POM Wonderful's rights in the SUPER Marks in violation of 15 U.S.C. Section 1125;

c.   Defendant engaged in unfair competition and deceptive acts and practices in violation of California Business & Professions Code Sections 17200, 17500, *et seq*.;

d.   Defendant engaged in unfair competition and deceptive acts and practices in violation of California common law;

e.   That the Court enter judgment against Defendant that the above acts, 1(a) through (e), were willful and intentional, making this an exceptional case;

2.   That the Court issue a preliminary and permanent injunction enjoining and restraining Defendant and its agents, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendant from:

a.   Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale any goods or services in connection with the infringing product identified herein or any product or mark similar to POM Wonderful's SUPER TEA™ Mark in any media, whether in person, in print or by electronic or digital means including but not limited to newspapers, magazines, bus shelters, billboards as well as via the Internet, including but not limited to, company websites, promotional websites, social media websites, YouTube or other video-related websites, food reviewing websites, blogs, email, SMS and the like; and

b.      Requiring Defendant to deliver up to POM Wonderful for destruction any and all packaging, advertising and promotional materials in Defendant's possession, custody or control which contain the infringing products, marks, and/or designs, and any and all infringing products in their possession, custody or control which include the SUPER TEA™ Mark.

3.      That the Court issue an Order at the conclusion of the present matter that all infringing products be recalled, seized, impounded and destroyed.

4.      That the Court award POM Wonderful its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable provision of law.

5.      That the Court award POM Wonderful its costs of suit incurred herein.

6.      For such other or further relief as the Court may deem just and proper.

DATED:  January 27, 2017          ROLL LAW GROUP PC


By:      /s/ Michael M. Vasseghi
          Michael M. Vasseghi
          Attorneys for Plaintiffs POM
          WONDERFUL LLC and THE
          WONDERFUL COMPANY LLC